**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LILLIAN MELENDEZ** | : | |
| **Plaintiff,** | : | **C.A.** 05 153 S |
| | : | |
| **VS.** | : | |
| | : | |
| **AMERIQUEST MORTGAGE** | : | |
| **COMPANY** | : | |
| **Defendant** | : | |

# COMPLAINT

## INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).



(1)

## PARTIES

4. Plaintiff Lillian Melendez resides at 20 Hardy Street, Cranston R.I. 02920 (a.k.a. 23 Hardy Street, Cranston, RI 02920).

5. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

6. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## FACTS

9. On or about November 2, 2004 Plaintiff obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, Plaintiff Lillian Melendez received or signed the following documents:

1. A note in the principal amount of $220,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibits A; and

5. A HUD-1 Settlement Statement.

11. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

**(a) Consumer's right to rescind.**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's**

**principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) Exempt transactions. The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

12. The copies of the notice of right to cancel actually delivered to Plaintiff were defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

13. On or about January 29, 2005 the Plaintiff exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit B.

14. In a letter dated February 24, 2005, attached as Exhibit C, Ameriquest denied the Plaintiff's request to rescind the mortgage.

**COUNT I - TRUTH IN LENDING ACT**

15. Plaintiff incorporates ¶¶ 1-14 as if fully set out herein.

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre

16. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give Plaintiff clear and conspicuous notice of her right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

17. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

18. The failure of the Defendant to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiff to an award of statutory damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Ameriquest as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar # 4019

# Exhibit A

# NOTICE OF RIGHT TO CANCEL

LENDER: Ameriquest Mortgage Company

DATE: November 2, 2004
LOAN NO.: 0098818008 - 5782
TYPE: ADJUSTABLE RATE

BORROWER(S): Lillian Melendez

ADDRESS: 23 Hardy St.
CITY/STATE/ZIP: CRANSTON,RI 02920

PROPERTY: 23 Hardy St.
CRANSTON, RI 02920

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is **ENTER DOCUMENT SIGNING DATE** ______________________ ;

or

2. The date you received your Truth in Lending disclosures;

or

3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1600 S Douglass Rd**
**Anaheim, CA 92806**

ATTN: **FUNDING**
PHONE: **(714)634-3494**
FAX: **(800)664-2256**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of **ENTER FINAL DATE TO CANCEL** ______________________

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

______________________ SIGNATURE ______________________ DATE

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

| | | | |
|---|---|---|---|
| BORROWER/OWNER Lillian Melendez | Date | BORROWER/OWNER | Date |
| BORROWER/OWNER | Date | BORROWER/OWNER | Date |

1064-NRC (Rev 11/03) 000000988180080400050101

**BORROWER COPY**

11/02/2004 5:28:47 PM

# Exhibit B

FROM THE OFFICE OF THE
FAMILY AND CONSUMER LAW CENTER
*WWW.RICONSUMERLAW.COM*
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
*ATTORNEYS & COUNSELORS AT LAW*

January 29, 2005

Ameriquest Mortgage Company
1600 S. Douglas Road
Anaheim, CA 92806

**Re: Notice of Rescission by Lillian Melendez, 23 Hardy Street, Cranston, RI 02885 Loan Number: 0098818008, Closing Date 11-2-2004.**

To Whom It May Concern:

I represent Lillian Melendez concerning the mortgage loan transaction she entered into with Ameriquest Mortgage Corporation on November 2, 2004. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that the Ms. Melendez was given incomplete and therefore inaccurate notices of her right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

The security interest held by Ameriquest Mortgage Corporation on the Melendez' property located at 23 Hardy Street, Cranston, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Lillian Melendez,**
**By her Attorney,**

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

CERTIFIED MAIL-RETURN
RECEIPT REQUESTED

cc: Lillian Melendez

# Exhibit C

AMERIQUEST®
MORTGAGE COMPANY

February 24, 2005

***<u>Via Federal Express and by FAX</u>***

Christopner M. Lefebvre, Esq.
Family and Consumer Law Center
2 Dexter St.
Pawtucket, Rhode Island 02860-2926

**Re: Lillian Melendez**
**AMC Loan No.:0098818008**
**Property Address: 23 Hardy St., Cranston, RI 02920**

Dear Mr. Lefebvre:

This letter is in response to a notice of rescission received by Ameriquest Mortgage Company ("Ameriquest") on February 2, 2005, regarding the above referenced loan.

You allege that the "Notice of Right to Cancel" provided to your client was not in compliance with the Truth In Lending Act and Regulation Z. Specifically, you allege the "notices of right to cancel" provided your client were "incomplete."

Contrary to your client's assertion, the Notice of Right to Cancel was properly completed upon execution of the final loan documents on November 2, 2004. Find enclosed the Notice of Right to Cancel, which bears your client's signature, and acknowledging receipt of her copies.

In addition to the Federal Truth in Lending Act, Ameriquest Mortgage Company provides the borrower with a "One Week Cancellation Period." This too was signed by your client. If Ms. Melendez had wanted to rescind her loan for any reason, she had additional time to exercise her right.

Further, the document entitled "Understanding Your Loan" states, in item 4, that a complete set of loan documents was received. Your client executed this document, acknowledging receipt of her loan documents.

In light of the above, we respectively decline your client's request for rescission.

Sincerely,

Vivian Goff

Vivian Goff
Litigation Analyst II
Legal Department
Direct Line: (714) 541-9960, ext. 15168
Direct Fax: (949) 263-7516
E-Mail: VGoff@Ameriequest.com

Enclosures: Notice of Right to Cancel
One Week Cancellation Period
Understanding your Loan
Borrower's Acknowledgment of Final Loan Terms