UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LILLIAN MELENDEZ
Plaintiff

V. CA No. 05-153 S

AMERIQUEST MORTGAGE COMPANY
Defendant

ANSWER OF DEFENDANT AMERIQUEST MORTGAGE COMPANY

The Defendant, Ameriquest Mortgage Company, hereby answers each of the paragraphs of the Plaintiff's complaint as follows:

INTRODUCTION

1. The statement in paragraph one (1) of the Plaintiff's complaint is a statement of the nature of the Plaintiff's cause of action and requires no response. However, to the extent that a response is required, then the Defendant says that it is without sufficient knowledge or information on which to form a belief as to the truth of the averment and thus it neither admits nor denies the allegation but leaves the Plaintiff to her proof.

JURISDICTION AND VENUE

2. The statement in paragraph two (2) of the Plaintiff's complaint is a statement of the law and requires no response. However, to the extent that a response is required, then the Defendant says that it is without sufficient knowledge or information on which to form a belief as to the truth of the averment and thus it neither admits nor denies the allegation but leaves the Plaintiff to her proof.

3. The statement in paragraph three (3) of the Plaintiff's complaint is a statement of the law and requires no response. However, to the extent that a response is required, then the Defendant says that it is without sufficient knowledge or information on which to form a belief as to the truth of the averment and thus it neither admits nor denies the allegation but leaves the Plaintiff to her proof.

PARTIES

4. The Defendant says that it is without sufficient knowledge or information on which to form a belief as to the truth of the averment and thus it neither admits nor denies the allegation but leaves the Plaintiff to her proof.

(3)

5. Admitted.

6. Admitted.

7. The statement in paragraph seven (7) of the Plaintiff's complaint is a statement of the law and requires no response. However, to the extent that a response is required, then the Defendant says that it is without sufficient knowledge or information on which to form a belief as to the truth of the averment and thus it neither admits nor denies the allegation but leaves the Plaintiff to her proof.

8. Denied.

FACTS

9. The Defendant admits the allegation that the Plaintiff obtained a loan from the Defendant on November 2, 2004 and it was secured by the Plaintiff's residence. The Defendant denies the remaining allegations set forth in Paragraph 9.

10. It is unclear as to what the Plaintiff asserts is the "transaction". To the extent that the transaction referred to in paragraph 11 is the closing on the loan, the Defendant admits that the Plaintiff did sign certain documents and that she did in fact receive copies. However, as to all other allegations, the Defendant says that it is without sufficient knowledge or information on which to form a belief as to the truth of the averment and thus it neither admits nor denies the allegation but leaves the Plaintiff to her proof.

11. The statement in paragraph eleven (11) of the Plaintiff's complaint is a statement of the law and requires no response. However, to the extent that a response is required, then the Defendant says that it is without sufficient knowledge or information on which to form a belief as to the truth of the averment and thus it neither admits nor denies the allegation but leaves the Plaintiff to her proof.

12. Denied.

13. The Defendant admits that it did receive from the Plaintiff a letter, which is dated January 29, 2005 and which is marked as Exhibit b. As to the remaining allegations, the Defendant denies those allegations.

14. Admitted.

COUNT I –TRUTH IN LENDING ACT

15. The Defendant hereby repeats and incorporates by reference its responses to the paragraphs numbered 1 through14, inclusive, with the same force and effect as if they were repeated in full.

16. Denied.

17. Denied.

18. Denied.

WHEREFORE, the Defendant demands that this Court enter a judgment in its favor and against the Plaintiff, denying and dismissing her complaint with prejudice, and awarding the Defendant its costs, including an award of attorney's fees, and awarding it such other relief that the court deems meet and just.

Ameriquest Mortgage Company
By its Attorney

William M. Walsh
Ablitt & Caruolo, P.C.
33 College Hill Road, Building 15C
Warwick, RI 02886
Telephone No.: (401) 828-7100
Facsimile No.: (401) 828-7102

FIRST AFFIRMATIVE DEFENSE

The Plaintiff's complaint fails to state a claim upon which relief can be granted in that the Notices which are attached as exhibits are proper and clearly informed the Plaintiff of the procedure and time for rescission. The Plaintiff received complete Notices and did sign those documents; however, she has failed to attached those documents.

SECOND AFFIRMATIVE DEFENSE

The Plaintiff's complaint fails to state a claim upon which relief can be granted in that the Notices which are attached as exhibits, are simply blank copies of the Notices, which Notices were proper and informed the Plaintiff of the procedure and time for rescission. The Notices were signed by the Plaintiff thereby acknowledging her receipt of them.

THIRD AFFIRMATIVE DEFENSE

The Plaintiff's complaint, specifically as to the allegations set forth in paragraph 18, fails to state a claim upon which relief can be granted in that it is clear that the Defendant did in fact respond to the Plaintiff's purported notice of rescission.

FOURTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiff is not entitled to rescission, or any equitable relief, in that she has not asserted that she is willing and/or able to return any of the monies, or other value, received by her from the transaction which she seeks to rescind.

FIFTH AFFIRMATIVE DEFENSE

The Defendant asserts that the completed and proper Notices were provided to the Plaintiff at the closing, but she has opted not to include them as exhibits.

SIXTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiff has unclean hands, and therefore is not entitled to the equitable relief sought.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiffs have suffered no recoverable damages as a result of any act or omission of Defendant.

EIGHT AFFIRMATIVE DEFENSE

The Defendant affirmatively pleads the defense of Breach of Contract.

NINTH AFFIRMATIVE DEFENSE

The Defendant affirmatively pleads the defense of Good Faith and Fair Dealing.

TENTH AFFIRMATIVE DEFENSE

Defendant hereby give notice that it intends to rely upon any defenses as may become available or appear during the discovery proceeding in this case and hereby reserves the right to amend its answer to assert any such defense.

Dated: May 2, 2005

Respectfully Submitted

For the Defendant,
By its Attorney

William M. Walsh

William M. Walsh
Ablitt & Caruolo, PC
33 College Hill Road, Building 15C
Warwick, RI 02886
(401) 828-7100 Telephone
(401) 828-7102 Facsimile

CERTIFICATION

I hereby certify that I served a copy of the Defendant's Answer upon the Plaintiff's attorney, Christopher M. Lefebvre, at his address, Two Dexter Street, P.O. Box 479, Pawtucket, RI 02862 by mailing it to him via first class mail, postage prepaid, on the 3rd day of May 2, 2005.

Lynn Eaton