UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LILLIAN MELENDEZ<br>Plaintiff | : | |
| V. | : | CA No. 05-153 S |
| AMERIQUEST MORTGAGE COMPANY<br>Defendant | : | |

**DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

The Defendant, Ameriquest Mortgage Company, hereby moves that this Court enter an Order compelling the Plaintiff to file her answers to the interrogatories which were propounded to her by the Defendant. Those interrogatories were propounded on July 22, 2005.

Filed simultaneously with this Motion is a Memorandum of Law in Support of the Motion. The Defendant requests that compliance be made within ten (10) days of the date of the Order.

Dated: September 12, 2005

Respectfully submitted,
Ameriquest Mortgage Company,
By its Attorney

William M. Walsh, Esquire #1773
Ablitt & Caruolo, PC
33 College Hill Road, Building 15C
Warwick, RI 02886
(401) 828-7100 Telephone
(401) 828-7102 Fax

**CERTIFICATION**

I, Jennifer C. Desjardins, certify that I served a copy of the within document to the Plaintiff's Attorney, Christopher Lefebvre, 2 Dexter Street, Pawtucket, RI 02862, via first class mail, postage prepaid on this 13th day of September, 2005.

[signature] Jennifer Desjardins

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LILLIAN MELENDEZ<br>Plaintiff | : | |
| V. | : | CA No. 05-153 S |
| AMERIQUEST MORTGAGE COMPANY<br>Defendant | : | |

**MEMORANDUM OF LAW**

Defendant, Ameriquest Mortgage Company, moves that this Court enter and Order compelling the Plaintiff to file her Answers to the Interrogatories which were propounded to her by the Defendant. Those Interrogatories were propounded on July 22, 2005. The Plaintiff has not filed her answers nor any objections or any responses to the interrogatories.

Pursuant to Federal Rules of Civil Procedure, Rule 33, the Plaintiff must file her Answers to Interrogatories propounded to her by the other party. In this case the other party would be the named Defendant. Furthermore, pursuant to Federal Rules of Civil Procedure, Rule 33, the Plaintiff has a period of time of forty-five (45) days within which to file her Answers. As indicated, the Interrogatories were propounded on July 22, 2005. The time by which she would have had to file her answers (the aforesaid period of time plus the three (3) additional days allotted for service by mail) has expired.

This Motion is made pursuant to Federal Rules of Civil Procedure, Rule 37. That Rule provides various remedies of sanctions for seeking compliance with the discovery rules. Furthermore, pursuant to the provisions of the Pre-Trial Order which was entered in this Court, discovery needs to be completed by October 3, 2005. That date is less than

one month from the date of this Motion. Therefore, the Defendant requests an Order compelling compliance and the filing of the Plaintiff's Answers to Interrogatories within ten (10) days.

In the alternative, the Court should enter an Order precluding the Plaintiff from introducing any evidence, etc. which was not provided.

Respectfully submitted,
Ameriquest Mortgage Company,
By its Attorney

William M. Walsh, Esquire #1773
Ablitt & Caruolo, PC
33 College Hill Road, Building 15C
Warwick, RI 02886
(401) 828-7100 Telephone
(401) 828-7102 Fax

**CERTIFICATION**

I, Jennifer C. Desjardins, certify that I served a copy of the within document to the Plaintiff's Attorney, Christopher Lefebvre, 2 Dexter Street, Pawtucket, RI 02862, via first class mail, postage prepaid on this 13th day of September, 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

COPY

LILLIAN MELENDEZ :
Plaintiff :
:
V. : CA No. 05-153 S
:
AMERIQUEST MORTGAGE COMPANY :
Defendant :

**DEFENDANT, AMERIQUEST MORTGAGE COMPANY'S INTERROGATORIES PROPOUNDED TO THE PLAINTIFF, LILLIAN MELENDEZ**

The Defendant, Ameriquest Mortgage Company, hereby propounds the following set of interrogatories to the Plaintiff, Lillian Melendez to be answered by her. These interrogatories are filed pursuant to the Federal Rules of Civil Procedure, Rule 33.

For purposes of this set of interrogatories the following definitions apply:

"Defendant "is the defendant, Ameriquest Mortgage Company. Any reference to the defendant and any response involving or concerning that Defendant should include reference to any and all officers, employees, agents, or anyone acting for the defendant.

"Loan" refers to the loan procured by the Plaintiff from the Defendant which was designated as Loan#0098818008-5782 and is the loan which is the subject matter of this action.

"Closing "refers to the closing for the loan which is referenced above and which is the subject matter of this action and which occurred on or about November 2, 2004.

"Document" means any record, report, application, letter, correspondence, memo, note, or any writing and also any e-mail, and/or any other written item that is in any medium besides a so-called "hard" copy.

References to any communications, and any writings, etc., between the parties will concern the loans which are the subject matter of this lawsuit and any matters incidental thereto, unless other wise indicated in the particular interrogatory.

1. Please identify yourself completely, stating your full name, date of birth, social security number, residence address, business and business address, occupation.

2. List every mortgage that you have had on this property from the date of the purchase or acquisition of the property to the present time; for each such mortgage state:

a) the date;

b) whether the mortgage was for a sale or refinance;

c) the name and address of the Mortgagee; and

d) the amount.

3. State all of the reasons that precipitated refinancing of the mortgage on your premises, which refinancing took place in November 2004.

4. State whether or not you received the loan documents for this mortgage prior to the date of the closing. If so, state:

a) the date of the receipt of the documents;

b) the identity of the documents received;

c) whether or not you reviewed the documents before the time of closing;

d) if you did not review them, the reason why you did not.

5. State whether or not you received copies of all the documents, which were at the closing; if not, identify those documents that you believe you did not receive copies of.

6. State whether or not you reviewed all of the documents at the closing.

7. State whether or not you had any questions regarding the nature of the documents and/or any of the information contained on those documents; if so state:

a) nature of the question;

b) how you communicated that to the closing agent;

c) the response of the closing agent to that question;

d) whether you were satisfied with the answer.

8. State specifically the manner by which the closing agent gave you the document designated as the "Notice of Right to Cancel;" stating specifically:

a) what was presented;

b) the number of copies of the Notice of Right to Cancel given to you;

c) whether the copies given to you were filled in or not;

d) the date that was listed on the Notice of Right to Cancel;

e) the date which was the date by which you would have to cancel.

9. State specifically your understanding of your right to cancel this transaction; indicate:

a) the nature of the right;

b) the date by which the loan would have to be cancelled;

c) how you would effectuate the cancellation.

10. State whether or not you asked the closing agent any questions regarding the Notice of Right to Cancel; if so state:

a) what was said by you;

b) the reason for the question.

11. State whether or not you received any answers from the closing agent regarding those questions identified in your answer to the preceding interrogatory; for each such answer state:

a) what was said by the closing agent;
b) the particular question to which the specific answer applied;
c) whether you asked any additional questions;
d) whether or not you understood the nature of the right to cancel.

12. State specifically your understanding of your right to cancel the loan with the one-week cancellation period provided by the lender, indicating:

a) what that right was;
b) the date by which you would have to cancel;
c) how you would effectuate the cancellation.

13. State whether or not you asked any questions of the closing agent regarding the one-week right to cancel; if so, state what you said to the closing agent.

14. State whether or not the closing agent gave you any answers to the questions posed by you as identified in your answer to the preceding interrogatory; if so, state:

a) what was said by the closing agent.
b) the particular question to which the particular answer was the response;
c) whether you had any other additional questions;
d) whether you understood your right to cancel within the one-week period of time after the answers given by the closing agent.

15. Did you elect to cancel the loan; if not, state the reason why not.

16. As to this loan state specifically what you assert was done wrong by:

a) the closing agent;
b) the Defendant.

17. State all the facts by which you base your assertion that the Defendant was negligent or otherwise wrong in the completion of this transaction.

18. State all the facts by which you base your allegations that the closing agent did something wrong in the handling of this loan transaction.

19. Identify each and every act and/or omission by the Defendant about which you complain.

20. State all the facts by which you contend that the errors, acts or omissions by the closing agent are the responsibility of the Defendant.

21. During the period of time that you had a mortgage with this Defendant, did you ever fail to make timely payments on your mortgage(s); if so, as to each untimely payment, state:

a) the date the payment was to be made;
b) the date that the payment was in fact made;
c) the reason for the delay.

22. State whether or not the Defendant ever notified you that you were in default on your mortgage payments; if so, for each such notice, state:

a) date thereof;
b) the nature of the notice;

c) whether or not the Plaintiff still has within her possession copies of those notices, letters, etc.

23. State whether or not the particular loan which is the subject matter of this lawsuit was in fact ever paid off.

24. If your answers to the preceding interrogatory is in the affirmative, state the following specific information:

a) whether the payoff was due to a purchase and sale of the property or a refinance of the mortgage;
b) the amount of the payoff;
c) the date of the closing at which the loan which is the subject matter of this lawsuit was paid off.

25. State all the facts by which you base your assertions that any acts, errors, omissions, etc., are violations of the Truth and Lending Act

26. State all the damages allegedly suffered by you as a result of any act, error, or omission allegedly caused by the Defendant; if any damages, state:

a) the total amount thereof;
b) a breakdown of the various elements of the total;
c) how you calculated that amount.

27. Please identify any and all communications that you had with any agent, employee or representative of the Defendant, and for each such communication, state::

a) the identity of the agent, employee or representative;
b) the date and time;
c) what was said by all participants;
d) whether it was oral or written.

28. Please identify any and all correspondence received from the Defendant by you, and for each piece of the correspondence, state:

a) the nature of the correspondence;
b) the date and time that it was received;
c) the information contained therein;
d) the name and address of person, firm or corporation who has present custody of such correspondence;

29. Identify each and every record, report, ledger, statement, receipt, memorandum, note, document or other writing which evidences any payment and or transaction regarding the loan which is the subject of this lawsuit; for each such document, state:

a) its nature;
b) the date thereon;
c) the name and address of the person, firm, or corporation whose/which has custody of it.

30. State whether or not you have ever been convicted of a criminal offense during the past fifteen (15) years; if so, for each conviction, state:

a) the nature of the offense;
b) the date of the events;
c) the date and nature of the disposition;
d) the court in which the matter is/was pending.

31 State whether or not you are prepared to reimburse the Defendant all sums of money to which it would be entitled if the loan is rescinded.

32 If your answer to the preceding interrogatory is in the negative state the basis you have for contending that you need not make any reimbursement or any payments to the Defendant.

Respectfully Submitted
Ameriquest Mortgage Company
By its attorney,

William M. Walsh (Bar No. 1773)
Ablitt & Caruolo, PC
33 College Hill Road, Building 15C
Warwick, RI 02886
(401) 828-7100 Telephone
(401) 828-7102 Fax

**CERTIFICATION**

I, William M. Walsh, certify that I served a copy of the within document to the Plaintiff's Attorney, Christopher Lefebvre located at 2 Dexter Street, Pawtucket, RI 02862, by mailing it to him via first class mail, postage prepaid on this 22nd day of July 2005.

William M. Walsh