**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LILLIAN MELENDEZ** | : | |
| **Plaintiff,** | : | **C.A. NO. 05-153 S** |
| | : | |
| **VS.** | : | |
| | : | |
| **AMERIQUEST MORTGAGE** | : | |
| **COMPANY** | : | |
| **Defendant** | : | |

**PLAINTIFF'S OBJECTION TO THE DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Now, comes the Plaintiff in the above entitled matter and objects to the Defendant's Motion for Protective Order. A memorandum in support of said opposition is attached herein.

**WHEREFORE**, Plaintiff prays that the Defendant's Motion for Protective Order be denied.

Respectfully submitted;

Christopher M. Lefebvre
PO Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 fax

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the within was mailed on September 14, 2005 to William M. Walsh, Esq., Ablitt & Caruolo, P.C, 33 College Hill Rd,Bldg 15 C, Warwick, RI 02886

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LILLIAN MELENDEZ** | : | |
| **Plaintiff,** | : | **C.A. NO. 05-153 S** |
| | : | |
| **VS.** | : | |
| | : | |
| **AMERIQUEST MORTGAGE** | : | |
| **COMPANY** | : | |
| **Defendant** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO THE DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

For someone unknown and bizarre reason, the Defendant has filed a protective order to somehow insulate them from responding to a very standard and common request for production of documents. In accordance with Rule 30 b(5)and (6), the Plaintiff has noticed a deposition of the Defendant and asked it to produce " all documents that they plan on introducing at trial". One need not cite authority for the basic proposition, that a litigate is entitled to see and review any documents which are going to be utilized at trial.

The Plaintiff is mindful of the work product privilege and has not asked the Defendant to waive said claim to those few documents that the privilege may so apply. Furthermore, it is understandable that there may be some documents that the Defendant has yet to decide whether they will be utilized at trial. Traditionally the parties usually agree to a stipulation that requires further supplementation to the production of documents if the facts so warrant. The Defendant has made a big deal out of nothing and could have attempted to resolve any concerns with a conference call with opposing counsel as required and anticipated by the Federal Rules. The Defendant's request for relief is simply frivolous and must be denied.

Respectfully submitted;

Christopher M. Lefebvre
PO Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 fax

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the within was mailed on September 14, 2005 to William M. Walsh, Esq., Ablitt & Caruolo, P.C, 33 College Hill Rd,Bldg 15 C, Warwick, RI 02886