UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LILLIAN MELENDEZ<br>Plaintiff | : | |
| | : | |
| V. | : | CA No. 05-153 S |
| | : | |
| AMERIQUEST MORTGAGE COMPANY<br>Defendant | : | |

**MOTION TO MODIFY THE PRETRIAL ORDER**

The Defendant, Ameriquest Mortgage Company, hereby files this Motion to Modify the Pretrial Order, specifically to extend the time by which to complete discovery in this action. Both parties need additional time to complete discovery. Accordingly, Plaintiff's Attorney joins in the Motion to Modify the Pretrial Order.

Filed simultaneously with this Motion is a Memorandum of Law in support of the Motion.

Dated: October 4, 2005

Respectfully submitted,
Ameriquest Mortgage Company,
By its Attorney

William M. Walsh, Esquire #1773
Law Offices of James J. Caruolo
33 College Hill Road, Building 15C
Warwick, RI 02886
(401) 828-7100 Telephone
(401) 828-7102 Fax

**CERTIFICATION**

I, Jennifer C. Desjardins, certify that I served a copy of the within document to the Plaintiff's Attorney, Christopher Lefebvre, 2 Dexter Street, Pawtucket, RI 02862, via first class mail, postage prepaid on this 4th day of October, 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LILLIAN MELENDEZ<br>Plaintiff | : | |
| V. | : | CA No. 05-153 S |
| AMERIQUEST MORTGAGE COMPANY<br>Defendant | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO MODIFY THE PRETRIAL ORDER**

The Defendant, Ameriquest Mortgage Company, hereby files this Memorandum of Law in Support of the Motion to Modify the Pretrial Order in order to extend the time by which to complete discovery in this action. Both parties need additional time to complete discovery. Accordingly, Plaintiff's Attorney joins in the Motion to Modify the Pretrial Order.

On June 2, 2005, this Court conducted a Pretrial Conference under Federal Rules of Civil Procedure, Rule 16. This was the first Pretrial Conference. Subsequently, on June 2, 2005, the Pretrial Order was entered. The Pretrial Order stated that "all factual discovery will be closed by October 3, 2005". Furthermore, it is stated that all dispositive motions will be filed by the same date, i.e., October 3, 2005.

Subsequent to the Pretrial Order both parties engaged in discovery. However, discovery has not been completed and the parties need additional time within which to complete that discovery. Various documents have been exchanged between the parties. The Plaintiff had filed notices of the taking of the depositions of two individuals. First it filed a notice of the taking of the deposition of the keeper of the records of Tapalian & Tadros, P.C., the entity which conducted the closing which is the subject matter of this lawsuit. Those documents were provided. The Plaintiff also filed the notice of the taking of the deposition of a person from the Defendant pursuant to Federal Rules of Civil Procedure Rule 30(b)(5)(6). Plaintiff sought to depose the person most knowledgeable with the aspects of the transaction, the refinancing between the Plaintiff and the

Defendant on or about November 2, 2004. The Defendant attempted to locate the individuals involved in this matter. They would be a mortgage specialist and a loan coordinator; there also would be the branch manager at the time. Unfortunately, all three of these individuals, for one reason or another, had left their employment with the Defendant Company. The fourth individual who had the least involvement in the transaction is still in the employ. The Defendant has communicated these facts to the Plaintiff's Attorney. Both attorneys are agreeable to conducting the deposition of the relevant person sometime soon.

Also, the Defendant filed a Request for Production of Documents Propounded to the Plaintiff and also a set of Interrogatories Propounded to the Plaintiff. After the expiration of the period of time for compliance with these requests, Defendant's Attorney filed a Motion to Compel Answers to Interrogatories and a Motion to Compel Production. However, subsequently the responses were received from the Plaintiff.

Initially the Defendant concluded that the Plaintiff's Answers to Interrogatories were deficient. The Plaintiff had intended to file a Motion for More Responsive Answers. However, the Defendant has opted to take the deposition of the Plaintiff. This option has been communicated to the Plaintiff's Attorney and he is agreeable to making his client available for the deposition.

Thus, a modification of the Order is needed. The language of Rule 16(e) provides for a modification of the Pretrial Order. Rule 16(e) states:

> After any conference held pursuant to this Rule, an Order shall be entered reciting the action taken. The Order shall control the subsequent course of the action unless modified by a subsequent Order. The Order filed in a final Pretrial Conference shall be modified only to prevent manifest injustice.

Thus, under rule 16(e) the District Court has the authority to modify Pretrial Order, if, in the Court's discretion, the modification is necessary to prevent manifest injustice. Olivier v. Union Pacific, 862 F2d 318 (9th Cir. 1988), United States v. First National Bank of Circle, 652 F2d 82, 887 (9th Cir. 1981). Further, permission to amend a Pretrial Order is to be granted when "the interest of justice makes such a course desirable". Finnish Fur Sales Co., Ltd. v. Furs Unlimited, Inc., 1992 WL 47372 (S.D. N.Y.), Madison Consultants v. Federal Deposit Insurance Corp., 710 F2d 57, 62 n.3 (2d Cir. 1983). In determining whether to grant the modification of the Pretrial Order the

Court must consider whether any prejudice to the opposing side will result. A factor in this consideration is whether the amendment is sought in the mist of trial or on the eve of trial. 1992 WL 47372, at page 1. Further, the Ninth Circuit has stated that for the Court to have properly exercised its discretion to modify the Order, it would have had to consider such factors as (1) the degree of prejudice to the party resulting from a failure to modify; (2) the degree of prejudice to the other party from a modification; (3) the impact of a modification at that stage of the litigation and on the orderly and efficient conduct of the case; (4) the degree of willfulness, bad faith or inexcusable neglect on the part of the party. 862 F2d, at 318; First National Bank, 652 F2d, at 887. Where upon consideration of the factors such as those, the Court determines that refusal to allow a modification might result in injustice, while allowance would cause no substantial injury to the opponent and no more than a slight inconvenience to the Court, a modification should ordinarily be allowed. Id; Finnish Fur Sales Co., Ltd., supra.

In the present case, there is no prejudice to either side. Both parties are desirous of the modification in order to extend the time set forth in the Pretrial Order. Primarily, the parties are desirous of extending the time within which to complete discovery. Both parties wish to proceed with the conducting of the anticipated depositions. Each party is demonstrating a willingness to cooperate with the other party. Furthermore, there would be no more than a slight inconvenience to the Court if a modification were allowed.

As is evident from the record, this case is of a recent vintage. The Complaint was filed on April 18, 2005. This is only five months ago. Also, the parties are both desirous of extending the time for further discovery in order to properly and adequately prosecute their respective cases or defenses.

Therefore, the Defendant, along with the Plaintiff, request that the Pretrial Order be modified to allow additional time to complete discovery.

Respectfully submitted,
Ameriquest Mortgage Company,
By its Attorney

William M. Walsh, Esquire #1773
Law Offices of James J. Caruolo
33 College Hill Road, Building 15C
Warwick, RI 02886
(401) 828-7100 Telephone
(401) 828-7102 Fax

**CERTIFICATION**

I, Jennifer C. Desjardins, certify that I served a copy of the within document to the Plaintiff's Attorney, Christopher Lefebvre, 2 Dexter Street, Pawtucket, RI 02862, via first class mail, postage prepaid on this 4th day of October, 2005.