UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LILLIAN MELENDEZ<br>Plaintiff | : | |
| | : | |
| V. | : | CA No. 05-153 S |
| | : | |
| AMERIQUEST MORTGAGE COMPANY<br>Defendant | : | |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant, Ameriquest Mortgage Company, hereby moves that this Court enter an Order against the Deposition of Ameriquest Mortgage Company by the Plaintiff pursuant to the Federal Rules of Civil Procedure Rule 30(b)(6).

Filed simultaneously with this Motion is a Memorandum of Law in Support of this Defendant's Motion for Protective Order.

Dated: January 6, 2006

Respectfully submitted,
Ameriquest Mortgage Company,
By its Attorney

William M. Walsh

William M. Walsh, Esquire #1773
Law Offices of James J. Caruolo
33 College Hill Road, Building 15C
Warwick, RI 02886
(401) 828-7100 Telephone
(401) 828-7102 Fax

**CERTIFICATION**

I, Jennifer C. Desjardins, hereby certify that I served a copy of the within document to Christopher Lefebvre, Esq., 2 Dexter Street, Pawtucket, RI 02862 and Michael F. Drywa, Esq., John Reilly & Associates, Summit West – Suite 330, 300 Centerville Road, Warwick, RI 02886, via first class mail, postage prepaid on this 6th day of January, 2006.

Jennifer C. Desjardins

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LILLIAN MELENDEZ<br>Plaintiff | : | |
| V. | : | CA No. 05-153 S |
| AMERIQUEST MORTGAGE COMPANY<br>Defendant | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR PROTECTIVE ORDER**

Now comes the Defendant, Ameriquest Mortgage Company, in the above entitled matter and hereby moves for the issuance of a Protective Order against the Deposition of Ameriquest Mortgage Company by the Plaintiff pursuant to the Federal Rules of Civil Procedure Rule 30(b)(6). Specifically the Defendant does not object to the taking of the deposition of someone designated by the company pursuant to the aforesaid Rule. However, many of the areas of inquiry are irrelevant and immaterial. Furthermore, discovery regarding many of these matters has previously been objected to by the Defendant.

As this Court is aware, the Plaintiff has brought an action against the Defendant under the Truth in Lending Act, 15, U.S.C. Section 1601 et seq. ("TILA"). The Plaintiff refinanced the mortgage on her residence with Ameriquest Mortgage Company. The refinance took place on November 2, 2004. The Plaintiff subsequently complained that she did not receive the required "Notice of Right to Cancel" as required under the provisions of the aforesaid TILA.

Specifically the Plaintiff has complained that the attorney who conducted the closing did not provide her with two (2) fully completed copies of the Notice of Right to Cancel. The Defendant has contested that assertion. However, in light of the allegations set forth in the Complaint, the issue in this case is a simple matter as to whether or not the attorney who conducted the closing did in fact provide her with the fully completed copies of the Notice of Right to Cancel. Indeed, on previous occasions the Plaintiff's

attorney has stated that the issue is a narrow one as to whether or not those completed Notices of Right to Cancel were provided to the Plaintiff at the time of the closing.

However, now at this point in time, the Plaintiff is attempting to expand the entire nature of this case. Thus the Plaintiff seeks to explore areas of inquiry which are irrelevant and immaterial. The Plaintiff did in fact conduct the Deposition of the attorney who handled the closing. That attorney was Michael Lima. Mr. Lima is an attorney who has worked, as an independent contractor, with the Law Firm of Tapalian & Tadros. The said law firm has received work from the Defendant Ameriquest and has conducted closings for the Defendant. Apparently, on several occasions, the aforesaid law firm has referred closings for Ameriquest to Mr. Lima. This was one such closing.

The Deposition of Mr. Lima was taken on November 18, 2005. At that time, Mr. Lima clearly stated that he did in fact provide the Plaintiff with fully completed and executed copies of the Notice of Right to Cancel. Therefore, it has become a matter of there being a simple dispute between two individuals involved in the closing – the Plaintiff and the closing attorney. Furthermore, the Plaintiff has previously requested documents and other items from not only the closing attorney, Michael Lima, himself but also from the law firm for which he worked, i.e., Tapalian & Tadros. The said law firm has filed a Motion for a Protective Order against this discovery. At this point in time, it appears that the Plaintiff did not file any objection or response to the Motion for a Protective Order filed by the third party, Tapalian & Tadros. The objection to providing many of these items of information was renewed by the attorney for Tapalian & Tadros at the Deposition of the Keeper of the Records of Tapalian & Tadros, which Deposition was taken immediately after the Deposition of Mr. Lima.

As indicated the Plaintiff has not responded to the Motion for a Protective Order. Furthermore, the Plaintiff has not proceeded with filing any Motion to Compel Production of the Documents previously requested from the said law firm. As the Plaintiff has run into resistance from the said law firm and its attorney, the Plaintiff has now decided to change directions and seek much of the same information from the Defendant, Ameriquest Mortgage Company.

The information requested in its Notice of Deposition is totally irrelevant and immaterial. The request is overly broad. Furthermore, much of the information

requested is not discovery material that will lead to other material which would be relevant and material to this particular law suit.

The parameters of discovery allowed under the Federal Rules of Civil Procedure is set forth in Federal Rules of Civil Procedure Rule 26(b). That Rule states:

**Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) **In General**. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

(2) **Limitations.** By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweight its likely benefit, taking into account the needs of the case, the amount in controversary, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

Rule 26(c) provides for:

**Protective Orders**. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other effected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following reasons:

(1) That the disclosure of discovery not be had;

(2) That certain matters not be inquired into, or that disclosure or discovery be limited to certain matters.

The Defendant objects to inquiry in to almost all of the reasons specified by the Plaintiff in her Notice to take Deposition. Specifically, the areas of inquiry designated in Paragraph 1 would not be objectionable. That would be considered relevant and material. However, the areas of inquiry designated in the following six (6) paragraphs (Paragraphs 2 through 7), inclusive, are totally irrelevant and immaterial. The information requested in Paragraph 2 is totally irrelevant and immaterial. This particular law suit pertains to the actions and/or omissions of a particular closing attorney. That attorney has already been deposed and provided the necessary information to the Plaintiff regarding the particular transaction which took place on November 2, 2004. There are limits as to what is relevant in a particular law suit and thus what is discoverable. The definition of relevancy is rather broad. It certainly is not without limits. Clearly the areas of inquiry requested in this particular paragraph are totally irrelevant. The relevant focus is what pertains to this particular Plaintiff and this particular transaction. What relevance is there to what some other attorney or notary did in another transaction in this state for a period of almost one year prior to the date of the Plaintiff's transaction and one year subsequent to that transaction? The answer is obviously none.

The area of inquiry as to Paragraph No. 3 is likewise irrelevant and immaterial. This is not a case of the Plaintiff complaining that certain debits and credits were not made to her loan or there were other omissions or errors in the servicing of that loan. Again, as the Plaintiff herself stated, the issue is a narrow one – whether or not she received fully completed and signed copies of the Notice of Right to Cancel at the time of her closing.

Likewise Paragraph No. 4 is totally irrelevant, immaterial and is overly broad. Indeed, it has absolutely nothing to do with this case. It is overly broad to the point of being ludicrous. Again, there is no relevance to any of the information regarding the identity of other borrowers and their addresses for refinancing transactions that were conducted by the said law firm. Indeed, as previously indicated, this type of discovery has already been objected to by the said law firm and there exists a Motion for a Protective Order to which no objection was filed nor were any motions to compel filed.

As previously indicated, this is one of the items of discovery which the Plaintiff attempted to have the Keeper of the Records for the said law firm produce. Instead of filing the appropriate Motions to Compel Production or Motions to Compel Compliance with a Subpoena, the Plaintiff has attempted to avoid filing any motions and attempts to seek information from another source, in this case, the Defendant itself. Furthermore, it is obvious that this area of inquiry is nothing more than an attempt by the Plaintiff and her attorney to ascertain the identity of other individuals who may be potential plaintiffs in this case. Indeed, during the course of the discussion between the attorneys for the parties at the Deposition of the Keeper of the Records of Tapalian & Tadros, Plaintiff's attorney quite candidly indicated that if he did procure information from other third parties that there might be a problem with their respective loans he could add them as potential plaintiffs.

As to Paragraph 5, the specific information regarding all aspects of the refinancing process is not germaine to this particular case. Again, as the Plaintiff herself indicated, this is a simple issue as to whether or not the Plaintiff did receive the appropriate fully completed and executed Notices of Right to Cancel at her closing. Any and all aspects of the refinancing process have nothing to do with this particular narrow issue. Furthermore, the Plaintiff has not complained about any other aspects of the refinancing process as it pertains to her case. The Plaintiff is now attempting to expand the breadth of the allegations contained in her Complaint and to make this a more extensive law suit. Indeed, if she intends to do so, then she should amend her Complaint under Rule 15 to indicate or state clearly what those allegations are. Furthermore, the Plaintiff is attempting to procure documents and other information regarding refinancing transactions that were conducted by Tapalian & Tadros for a period of over six (6) months prior to her closing up and to the present date. There was no basis for this inquiry. Also, Ameriquest does not have possession, custody or control of the documents that she is seeking. As indicated above, Plaintiff has attempted to procure that particular information from the particular entity that would ostensibly have possession and control of the documents. The Plaintiff has been rebuffed by objections filed by the attorney for Tapalian & Tadros. Rather than pursue the issue in this Court in prosecuting the appropriate Motions to Compel, she has elected to take what appears to be an easier road

and seek the information from this Defendant. This Defendant does not have possession, custody or control of any of this information.

As to Paragraph 6, that information is privileged. Further, it is also extremely vague as it requests information in response to the Notice of Right to Cancel and steps taken by anyone at the Defendant's company to verify or refute the allegations in said notice. That inquiry clearly impinges on information that is privileged under both the attorney-client privilege and the work product doctrine.

As to Paragraph 7, there is absolutely no basis for this request. What has occurred in other lawsuits, whether they are pending or settled, for a period of two (2) years is absolutely irrelevant to this particular case. Indeed, as is evident from the request itself it would encompass numerous matters which have nothing to do with this lawsuit. It would also encompass various lawsuits that may be pending in numerous courts in each of the fifty states of the United States.

The Plaintiff's Notice to Take the Deposition of an officer, agent or employee of Ameriquest Mortgage Company clearly violates the parameters of the Rules of Civil Procedure, especially Rule 26(b). In its Notice of Deposition the Plaintiff has stated seven different paragraphs regarding Areas of Inquiry that the proported deponent is expected to testify about. Many of the items of inquiry include information to which this Defendant is not privy. It includes information to which this Defendant does not have possession, custody or control. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Defendant need only provide information, documents, etc. over which it has possession, custody or control. Clearly many of the items are not within its possession, custody or control. Assuming that those documents were even relevant, the Plaintiff should be addressing its inquires to the aforesaid law firm Tapalian & Tadros. Furthermore, Rule 26 clearly provides that a party may seek discovery of relevant information and materials. It is acknowledged that the concept of "relevancy" in the Rules of Civil Procedure is broad. It certainly is broader than the concept of "relevancy" under the Rules of Evidence. However, although the concept of relevancy is broad, it is not without its limits. The Plaintiff is attempting to procure information without any concerns as to limits of pertinency to the issue in question or within any aspects of geographical location or time. All of the information (with the possible exception of that

designated in Paragraph 1) is totally relevant and immaterial. The information is not designed to lead to any material that would be relevant to the particular, narrow issue contained in this lawsuit. The Plaintiff, through her attorney, on several occasions has indicated to the court that the issue in this case is a "narrow one". As indicated above, that issue is whether or not the Plaintiff received the appropriate copies of the Notices to Cancel her transaction at the time of her closing. Clearly Plaintiff's case is now boiled down to the simple fact of one person who was also present at the closing, the closing attorney, contradicting that which the Plaintiff said. The closing attorney clearly and definitively has indicated that he did provide her with completed and signed copies of the Notice of Right to Cancel the transaction. His statements are diametrically opposed to her allegations. It is now a case of the Plaintiff saying one thing and the other person who was at the closing, the closing attorney, saying something entirely different. She is attempting to resurrect her case by engaging in a wide ranging and extensive fishing expedition hoping to obtain something. The Plaintiff is now engaging in the shotgun approach to discovery where she requests as much information as possible in order to procure some information that she hopes will be helpful to her case. Furthermore, the Plaintiff is attempting to engage in discovery to expand a simple case involving one plaintiff into a case with multiple plaintiffs. Indeed, the Plaintiff herself was quite candid in stating that if she ascertained the names and addresses of other individuals who might have the same complaint (that they did not get their Notices of Right to Cancel) he would add numerous plaintiffs to this lawsuit. This is totally an inappropriate purpose for this discovery.

For all of the foregoing reasons the Defendant moves that this court grant a Protective Order against the taking of the deposition of an agent, officer or employee of the Defendant as delineated in the Plaintiff's Notice of Deposition. The Defendant requests the granting of a Protective Order against the taking of the deposition pursuant to Federal Rules of Civil Procedure, Rule 26. See, <u>In Re: Shell Oil Refinery</u>, 143 F.R.D. 105 (E.D. La 1992); <u>Aikens v. Deluxe Financial Services, Inc.</u>, 217 F.R.D. 533 (D.Kan. 2003); <u>U.S. ex rel</u> <u>Franklin v. Parke-Davis</u>, 210 F.R.D. 257 (D. Mass. 2002); see, generally, <u>Public Citizen</u> <u>v. Liggett Group, Inc</u>. 858 F2d 775 (1st Cir. 1988).

Respectfully submitted,
Ameriquest Mortgage Company,
By its Attorney

William M. Walsh, Esquire #1773
Law Offices of James J. Caruolo
33 College Hill Road, Building 15C
Warwick, RI 02886
(401) 828-7100 Telephone
(401) 828-7102 Fax

**CERTIFICATION**

I, Jennifer C. Desjardins, hereby certify that I served a copy of the within document to Christopher Lefebvre, Esq., 2 Dexter Street, Pawtucket, RI 02862 and Michael F. Drywa, Esq., John Reilly & Associates, Summit West – Suite 330, 300 Centerville Road, Warwick, RI 02886, via first class mail, postage prepaid on this 6th day of January, 2006.